## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET CROW, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-1855 |
| v. | ) | |
| | ) | |
| COUNTY OF WASHINGTON, | ) | Judge Terrence F. McVerry |
| WASHINGTON COUNTY | ) | Magistrate Judge Lisa Pupo Lenihan |
| CORRECTIONAL FACILITY, | ) | |
| WARDEN JOSEPH PELZER, | ) | Re: Doc. # 11 |
| C.O. (F.N.U.) HAMPTON, and | ) | |
| C.O. (F.N.U.) PLUCKETT, | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss Plaintiff's

First Amended Complaint at Doc. No. 11 be granted.

II.      REPORT

A.      Facts

Plaintiff, Margaret Crow, (hereinafter "Plaintiff") was incarcerated at the

Washington County Correctional Facility from April 27, 2001 to July 27, 2001. (First Amended

Complaint, Doc. No. 10, ¶ 7 (hereinafter "Complaint ¶ __").) On May 3, 2001, Plaintiff fell

while ascending a cement stairway. (Complaint ¶¶ 10-11.) Plaintiff avers that she fell as a result

of ill-fitting flip flops that were issued to her by the Correctional Facility. (Complaint ¶¶ 8, 11.)

That is, Plaintiff alleges that although her shoe size is 7 to 7½, the flip-flops issued were

approximately a size 9. (Complaint ¶ 9.) Plaintiff continues that as a result of the instability

caused by the oversized flip-flops, she fell and suffered cuts and other injury to her finger, and is now unable to "engage in common household activities such as writing and/or peeling potatoes." (Complaint ¶¶ 11, 15.)

Immediately after the fall, Corrections Officer Hampton documented the injury and accident. (Complaint ¶ 12.) The next day, Plaintiff was unable to use her finger as it had become swollen. (Complaint ¶ 13.) Corrections Officer Pluckett attempted to stabilize Plaintiff's finger. (Complaint ¶ 13.) Plaintiff avers that she was prescribed Tylenol three times per day by the prison doctor who examined her three days after the fall. (Complaint ¶ 13.) Plaintiff was told that she would have to purchase the Tylenol from the commissary at a charge of sixty cents per tablet. (Complaint ¶ 13.)

After her release from prison, Plaintiff alleges that she "treated with Dr. Avolio who initiated a therapy program." (Complaint ¶ 14.)

On May 5, 2003, exactly two years after Plaintiff's injury, Plaintiff's counsel filed a Praecipe for Writ of Summons in the Court of Common Pleas of Washington County, Pennsylvania, at Civil Action No. 03-2432. (Washington County Docket Sheet at 2, Exhibit A to Defendants' Motion to Dismiss, Doc. No. 5 (hereinafter "Washington County Docket Sheet at __").) No other activity in the Washington County civil action is reflected on the docket sheet until fourteen months later, when Plaintiff's counsel filed a Praecipe to Reissue the Writ of Summons on July 2, 2004. (Washington County Docket Sheet at 2.) Thereafter, Counsel for Defendants filed a Rule to File Complaint on August 19, 2004. (Washington County Docket Sheet at 2.) The Complaint and Demand for Jury Trial were filed on October 14, 2004. (Washington County Docket Sheet at 2.) Finally, a November 8, 2004 entry on the Washington

2

County Docket Sheet reflects service of the Complaint on prior counsel for Defendants. The Complaint contains two (2) counts for civil rights violations pursuant to 42 U.S.C. § 1983 and one negligence count. (Doc. #1 at Exhibit A.)

On December 6, 2004, Defendants, represented by present counsel of record, removed the Washington County case at Civil Action No 03-2432 to the United States District Court for the Western District of Pennsylvania. (Doc. No. 1.) Defendants moved this Court to Dismiss pursuant to Federal Rule Civil Procedure 12 (b)(6) arguing that Plaintiff's action was barred by the applicable statutes of limitations,[1] and that Plaintiff failed to state a claim upon which relief can be granted. (Doc. No. 5.) In response to Defendants' initial Motion to Dismiss, Plaintiff attached an Affidavit setting forth Plaintiff's "good faith service attempts." (Plaintiff's Response to Defendants' Motion to Dismiss, Doc. No. 9 at ¶ 6 (hereinafter "Plaintiff's Response to Defendants' Initial Motion to Dismiss, Doc. No. 9 at __").) Plaintiff's counsel sets forth the following in his sworn Affidavit:

> Plaintiff acted in good faith regarding service of the writ. The writ was promptly served shortly after Plaintiff was located, communication restored and confirmation received that Plaintiff wished to continue the suit. (See letter dated May 5, 2003 as evidence of our attempt to contact her; client's phone was disconnected and apparently no longer resided at the last known address). In good faith, counsel was unable to proceed until the client's whereabouts were located to confirm authority to proceed. Defendants were not prejudiced in that they received written notice of the intent to sue within six months of the injury. (See

---

[1]42 U.S.C. § 1983 does not contain a statute of limitations period. The United States Supreme Court, however, has held that because these claims are claims for personal injury, a state's statute of limitations applicable to personal injury claims controls § 1983 causes of action. Wilson v. Garcia, 471 U.S. 261, 276 (1985). Here, Pennsylvania law provides for a two-year statute of limitations for personal injury claims. 42 Pa. Cons. Stat. Ann. § 5524. See also Rose v. Bartle, 871 F.2d 331, 348 n.13 (3d Cir. 1989) (two-year limitations period for personal injury actions in Pennsylvania is applicable in § 1983 actions). Likewise, the statute of limitations period for a negligence claim is also two years. 42 Pa. Cons. Stat. Ann. § 5524 (2).

attached letter dated November 5, 2001).  Further [sic] Defendant county had
notice of the actual writ when filed since the Prothonotary entered the information
on the defendant county computer system, accessible through the County I.T.
Department.

(Plaintiff's Response to Defendants' Initial Motion to Dismiss, Doc. No. 9 at first attachment.)

The May 5, 2003 letter referenced in Plaintiff's counsel's Affidavit "as evidence of . . . attempt

to contact [Plaintiff]" provides only as follows:

> Dear Ms. Crow:
> Enclosed please find a copy of the Praecipe for Writ of Summons which
> was filed today with the Prothonotary of Washington County to preserve the
> statute of limitations in your case.  The prothonotary filing fee was $94.50.
> At your convenience, please remit a check made payable to Peter M.
> Suwak, Esq. in the amount of $94.50.
>                                              Very truly yours,
>                                              /s/ Peter M. Suwak, Esquire

(Plaintiff's Response to Defendants' Initial Motion to Dismiss, Doc. No. 9 at second

attachment.)[2]

Thereafter, Plaintiff filed her First Amended Complaint indicating that Defendant

Washington County Correctional Facility is not a separate entity from Washington County, and

therefore, is not a proper Defendant.  (Complaint ¶ 3.)  Defendants then filed the Motion to

Dismiss presently before this Court.  (Doc. No. 11.)[3]

    B.    Legal Standard

---

[2]Plaintiff incorporates the Affidavit into her Brief in opposition to Defendants' Motion to
Dismiss Plaintiff's First Amended Complaint (Doc. No. 14).  (Plaintiff's Brief in Opposition to
Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Doc. No. 14 at 4.)

[3]Defendants incorporate the brief in support of their motion to Dismiss Plaintiff's original
Complaint (Doc. No. 6) in support of their Motion to Dismiss Plaintiff's First Amended
Complaint presently before this Court.  (Brief in Support of Motion to Dismiss Plaintiff's First
Amended Complaint, Doc. No. 12 at 2.)

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the Court is required to accept as true all allegations made in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the plaintiff.  See Blaw Knox Ret. Income Plan v. White Consol. Indus., Inc., 998 F.2d 1185, 1188 (3d Cir. 1993); Ditri v. Coldwell Banker, 954 F.2d 869, 871 (3d Cir. 1992).  The issue is not whether the plaintiff will ultimately prevail, but rather whether he can support his claim by proving any set of facts that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69 (1984).  Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."  See Port Authority of New York and New Jersey v. Arcadian Corp., 189 F.3d 305, 311 (3d Cir. 1999).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss.  Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents.  Id.  Moreover, a court may consider documents attached as exhibits to a defendant's motion to dismiss if the plaintiff's claims are based on the documents, and they are undisputedly authentic.  Id.  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  Id. (citing Goodwin v. Elkins & Co., 730 F.2d 99, 113 (3d Cir. 1984) (Becker, J., concurring)).  A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

5

In support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12 (b)(6), Defendants argue the following: 1) Plaintiff failed to effectuate service on Defendants within thirty (30) days after filing her original writ of summons, and thereby, failed to properly toll the statute of limitations; 2) Plaintiff's Fifth Amendment claims must fail as a matter of law because she has not averred any federal government action; 3) Plaintiff cannot demonstrate that Defendants acted with deliberate indifference pursuant to the Eighth and Fourteenth Amendments in issuing Plaintiff improperly sized flip flops; 4) Plaintiff's Ninth Amendment claims must fail as a matter of law as the Ninth Amendment is not a source of substantive rights; 5) Count II must be dismissed, in the alternative, for failure to state a claim pursuant to DeShaney v. Winnebago County Dept. of Social Services; 6) Defendants are immune from Plaintiff's negligence claims pursuant to the Pennsylvania Political Subdivision Tort Claims Act; 7) Defendants Pelzer Hampton, and Pluckett are entitled to qualified immunity; and 8) Plaintiff's claims against Warden Pelzer, and Washington County must be dismissed for Plaintiff's failure to allege or establish the existence of unconstitutional policies, practices, or procedures.

Plaintiff, in opposition to Defendants' Motion to Dismiss, argues the following: 1) Plaintiff acted in good faith in serving the writ in that it was promptly served after counsel located Plaintiff, restored communications, and determined whether Plaintiff wished to proceed with the lawsuit.  Further, Plaintiff argues that Defendants received notice of Plaintiff's intent to sue six months after Plaintiff's injury.  Plaintiff further argues that 28 U.S.C. § 1448 permits defective state process to be completed in actions removed to federal court; 2) Defendants' failure to issue appropriate footwear does rise to the level of deliberate indifference under the

6

Eighth and Fourteenth Amendments; 3) Plaintiff has stated a claim pursuant to DeShaney; 4) Defendants are not immune from suit pursuant to the Pennsylvania Political Subdivision Tort Claims Act in that the conduct in issue was "willful misconduct;" 5) the individual Defendants are not entitled to qualified immunity at this stage of the proceedings; and 6) Plaintiff has properly alleged the existence of an unconstitutional policy or practice of issuing ill-fitting sandals in the place of shoes.

      C.    Analysis

1.    Service of Process

      The seminal Pennsylvania Supreme Court decision regarding a plaintiff's service of process obligations is Lamp v. Heyman, 366 A.2d 882 (Pa. 1976).  In Lamp, the Supreme Court condemned the following informal practice among Pennsylvania plaintiffs' attorneys that had arisen out of the Pennsylvania Rules of Civil Procedure relating to the commencement of actions:

> [The liberal rules of civil procedure gave rise to the practice] of effectively tolling the statute of limitations by filing a praecipe, but then delaying service of process in order to give an attorney additional time to engage in settlement discussions with the defendant who was, in the absence of service of process, not obliged to incur the expense of retaining counsel.  Depending on the local practice, attorneys would accomplish this delay by directing the prothonotary or the sheriff to hold the writ, by personally retaining the writ and not delivering it to the sheriff for service, or by failing to pay the service fee.

Patterson v. American Bosch Corp., 914 F.2d 384, 388 (3d Cir. 1990) (footnote omitted).  Prior to Lamp, the filing of a praecipe for a writ of summons within the statute of limitations commenced an action, and reissuance of the writ kept the action alive for another "equivalent

period[4]," whether service was made or even attempted.

The Lamp Court concluded that this practice was inconsistent with the policy underlying statutes of limitations in avoiding stale claims, and with the policy underlying the Pennsylvania Rules of Civil Procedure of the speedy and efficient delivery of the "processes of justice." Lamp, 366 A.2d at 888-89 (footnote omitted).  Therefore, noted the Court in Lamp, "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." Id. at 889.  The Lamp Court further noted that "a plaintiff should comply with local practice as to delivery of the writ to the sheriff for service." Id.

Thereafter, Pennsylvania courts have construed this new standard in Lamp as requiring a good-faith effort by plaintiff to notify defendant of the commencement of the action. Farinacci v. Beaver County Indus. Dev. Auth., 511 A.2d 757, 759 (Pa. 1986).  "[I]n each case, where noncompliance with Lamp is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." Id.

Here, Plaintiff relies on Patterson v. American Bosch Corp., 914 F.2d 384 (3d Cir. 1990) in support of the argument that Plaintiff acted in good faith in serving the writ.  A careful reading of Patterson, however, reveals that Plaintiff does not meet the good faith requirement in Lamp.  In Patterson, the United States Court of Appeals for the Third Circuit indicated that plaintiffs' initial unsuccessful attempts at service were made in good faith "because the plaintiffs

---

[4]"Equivalent period" has been defined as a period of time "which measured from the date of original issuance of the writ, or the date of a subsequent reissuance thereof, is not longer than the period of time required by the applicable statute of limitations for the bringing of the action." Zarlinsky v. Laudenslager, 167 A.2d 317, 320 (Pa. 1961).

complied in good faith with the procedure and local practice for service of process," and did not "impede the service of the writs once they were issued." Patterson, 914 F.2d at 391. The Patterson court also concluded that Lamp does not require a continuous good faith effort to effect service after plaintiffs' initial good-faith attempts, and that the failure to attempt service for the next seventeen months until after the expiration of the applicable statutes of limitations did not nullify the tolling effect normally given to the filing of a praecipe for a writ of summons. Id. at 391.

It is quite clear that the record in this case does not demonstrate a good-faith attempt by Plaintiff to serve the original writ of summons within thirty days after its issuance. In fact, the record here reveals no attempt whatsoever by Plaintiff to serve the original writ on the Defendants. Plaintiff here avers that "[t]he writ was promptly served shortly after Plaintiff was located, communication restored and confirmation received that Plaintiff wished to continue the suit." (Complaint ¶ 6.) That is, according to Plaintiff's counsel's affidavit, service of the original writ was not attempted prior to the writ's expiration at the close of thirty days. It was only after the writ was reissued fourteen months later that the first attempt at service was made after counsel restored communication with his client and confirmed that she wished to pursue her claims. (See Washington County Docket Sheet at 2.)[5] "At a minimum, the good faith effort

---

[5]Pursuant to Pa. R. Civ. P. 405 (a), the Washington County Docket Sheet reflects no attempts to serve the original writ of summons. Rule 405 (a) provides as follows:

When service of original process has been made the sheriff or other person making service shall make a return of service forthwith. If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.

Pa. R. Civ. P. 405 (a).

9

required in <u>Lamp v. Heyman</u>, . . . mandates compliance with the Pennsylvania Rules of

Procedure . . ..” <u>Feher by Feher v. Altman</u>, 515 A.2d 317, 319 (Pa. Super. 1986), <u>appeal denied</u>,

531 A.2d 430 (1987).  A failure to make any attempt to serve a writ of summons after having

filed a praecipe for its issuance renders all subsequent efforts to effectuate service after the

statute of limitations has run a “nullity.” <u>Id.</u> at 320.  <u>See also</u> <u>Cahill v. Schults</u>, 643 A.2d 121,

123 (Pa. Super. 1994) (“The mere filing of a praecipe for writ of summons, without additional

affirmative action to effect service of the writ, does not constitute a good faith effort to notify the

defendant that he is being sued, and therefore is not sufficient to toll the statute of limitations and

preserve a cause of action.”) (quoting <u>Feher</u>, 515 A.2d at 318); <u>Demnyan v. Ford Motor Co.</u>, 38

Pa. D.&C.3d 542 (Washington County Com. Pl. 1986), <u>cited in</u>, <u>Patterson</u>, 914 F.2d at 389,

(action time barred where, pursuant to Washington County practice, counsel failed to deliver

issued writ of summons to sheriff’s office for service).

   Plaintiff also argues that Defendants were not prejudiced by the late service as

Defendants received notice of Plaintiff’s intent to sue within six months of Plaintiff’s injury in

the November 5, 2001 letter.  Notice of intent to file suit against a government unit given

pursuant to 42 Pa. Con. Stat. Ann. § 5522 (a)[6] has no bearing on the <u>Lamp v. Heyman</u> analysis:

---

[6]42 Pa. Con. Stat. Ann. § 5522(a) provides in relevant part as follows:
(a) Notice prerequisite to action against government unit.--
  (1) Within six months from the date that any injury was sustained or any cause of
  action accrued, any person who is about to commence any civil action or
  proceeding within this Commonwealth . . . for damages on account of any injury
  to his person or property under Chapter 85 (relating to matters affecting
  government units) or otherwise shall file in the office of the government unit, . . .
  a statement in writing, signed by or in his behalf, setting forth:
    (i)  The name and residence address of the person to who, the cause of
    action has accrued.
    (ii) The name and residence address of the person injured.

Such notice does not itself commence an action, and a plaintiff could change his mind and elect not to sue after having given such notice. A government unit having received the initial notice of intention, but not having been served with a writ or complaint within the limitation period, might well be said to have a reasonable expectation that it would not be subject to litigation.

Witherspoon v. City of Philadelphia, 768 A.2d 1079, 1081 (Pa. 2001) (discussing holding in

Nagy v. Upper Yoder Township, 652 A.2d 428 (Pa. Cmwlth. 1994)).

Finally, Plaintiff argues that 28 U.S.C. § 1448 permits defective state process to

be completed in actions removed to federal court.

28 U.S.C. § 1448 provides as follows:

In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

28 U.S.C. § 1448.

The United States Court of Appeals for the Third Circuit has clearly stated that 28

U.S.C. § 1448 may not be used to "breathe jurisprudential life in federal court into a case legally

dead in state court." Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160, 168 (3d Cir.

1976). In Witherow, the plaintiff failed to properly serve the defendant within the applicable

---

(iii) The date and hour of the accident.
(iv) The approximate location where the accident occurred.
(v) The name and residence or office address of any attending physician.
(2) If the statement provided for by this subsection is not filed, any civil action proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed . . ..

42 Pa. Con. Stat. Ann. § 5522(a) (West 2005 Supp.).

statute of limitations period.  The case, originally filed in state court, was removed to federal court.  The defendant filed a motion to dismiss arguing, <u>inter alia</u>, insufficient service of process and the statute of limitations.  The district court denied defendant's motion and granted plaintiff's motion to perfect or amend service of process, relying in part on 28 U.S.C. § 1448.  On interlocutory appeal, the Third Circuit reversed and remanded the case with directions to dismiss.  Applying state law, the Court reasoned that because service of process was ineffective, the action would have been time barred, and therefore, dismissed, had it remained in state court.  28 U.S.C. § 1448 could not be used, noted the Court, to resurrect a case time barred in state court.  The court noted that to do so would violate the policies underlying the <u>Erie</u> doctrine.  <u>Witherow</u>, 530 F.2d at 163-69.  <u>Accord</u> <u>Marshall v. Warwick</u>, 155 F.3d 1027, 1033 (8th Cir. 1998) (discussing <u>Witherow</u>).

       Likewise, Plaintiff's cause of action was time barred prior to removal to federal court.  Plaintiff cannot revive it by invoking 28 U.S.C. § 1448.

       2.    <u>All Remaining Claims</u>

       This Court need not reach Defendants' remaining arguments as Plaintiff's claims are time barred.  Therefore, it is recommended that Defendants' Motion to Dismiss at Doc. No. 11 be granted and that Plaintiff's First Amended Complaint be dismissed with prejudice.

III.    <u>CONCLUSION</u>

       In accordance with the Magistrate's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation.  Any party opposing the

objections shall have seven (7) days from the date of service of objections to respond thereto.

Failure to file timely objections may constitute a waiver of any appellate rights.


LISA PUPO LENIHAN
United States Magistrate Judge


Dated: September 20, 2005

cc: The Honorable Terrence F. McVerry
    United States District Judge



    Peter M. Suwak
    P.O. Box 1
    Washington, PA 15301
    Attorney for Plaintiff

    Patricia A. Monahan
    Teresa O. Sirianni
    Marshall, Dennehey, Warner, Coleman & Goggin
    600 Grant Street, USX Tower
    Suite 2900
    Pittsburgh, PA 15219
    Attorney for Defendants